LARNED (DENNISON v.). See Case No. 3,-798.

LARNED (LOWELL MANUF'G CO. v.). See Case No. 8,570.

LARNED (SARGENT v.). See Case No. 12,-364.

LARNED (UNITED STATES v.). See Cases Nos. 15,565 and 15,566.

## Case No. 8,093.

### Ex parte LAROWE.

[3 App. Com'r Pat. 273.]

Circuit Court, District of Columbia. 1860.

PATENTS — SELF-ACTING CARRIAGE BRAKES — EFFECT OF DECISION BY FORMER COMMISSIONER OF PATENTS.

[1. Larowe's invention of an improvement in self-acting carriage brakes is an improvement on Munroe's brake, and is not anticipated by Chapman's brake.]

[2. The commissioner of patents must abide by the decision of his predecessor, granting a patent, so long as it is unreversed by a competent court.]

[Cited in Ex parte Smith, Case No. 12,966.]

[Appeal by Alburtus Larowe from the decision of the commissioner of patents refusing a patent for an improvement in self-acting carriage brakes.]

DUNLOP, Chief Judge. The claim of Larowe is in these words: "The combination and relative arrangement of the rubber z and swinging brake arm c with the ends of the brake bar v, whereby the strain upon the rubber z is borne principally by the rigid end of the brake bar, directly in front of the periphery of the wheel, and not by the hinge of the rubber, substantially as shown and described." The office, in rejecting the application, has made two references, as anticipating Larowe's claim. The commissioner says: "The only difference observable between Larowe's brake and Chapman's, one of the references in the case, is that the shoes in the former are hinged to the brake bar, in a direction transverse to the wheels, while in the latter they are hinged, so as to rise and fall in the same plane in which the wheels revolve." Now this difference is an important one, and patentable, and was so held by the office in the after-grant to Munroe for so hinging the shoes to this brake as, in rising, to give them this transverse direction. If it is important to back a carriage using brakes, this will be manifest. In Chapman's brake, where the shoes or rubbers in backing rise in the plane in which the wheels revolve, the lower ends of the rubbers, in rising, impinge upon and obstruct the wheels in backing, so as to force them to slide on the ground, and this impinging and obstruction increase as you increase the length of the rubbers below the axle line of the wheels. In Larowe's and Munroe's brakes, where the rubbers rise transversely, the lower ends of the rubbers swing out from the peripheries of the wheels, and thus clear them. It is also impracticable in Chapman's brake, for the reason above given, to construct the shoe of sufficient length to fit the periphery of the wheels, equally both above and below the axial line of the wheels. A rubber so fitting the periphery of the wheel equally above and below its axle line must be plainly more efficient in arresting or obstructing the wheel descending a hill than a rubber fitting its periphery chiefly above the axial line of the wheel.

The commissioner further says "that a rubber could be used by Chapman, of the same capacity as by Larowe's plan." This I think cannot be so, for the reason above given. "Also that Chapman's brake was no more expensive, no more liable to get out of order, and no less effective than Larowe's brake." This is easily determined by inspection. Larowe's spring arm, to which his rubber is attached, is fastened to the brake bar by a single screw, and is simple, plain, effective, and cheap. Chapman's is cumbrous, heavy and unsightly, with a mass of iron, and many bolts, screws and hinges. It cannot therefore be justly said that the use of spring arms by Larowe as proposed was "more fanciful than real."

Lastly, it is said by the office: "That the showing that the improvement on the Munroe brake which had been patented was real and substantial, was not a tenable ground on which to base a claim for a patent to Larowe." This position of the office can only be maintained on the assumption that the office was wrong in granting the patent to Munroe. I have endeavored to show that the office was not wrong; that there was a real, patentable difference between the two brakes. Besides, it is not orderly, or perhaps legal, for the office thus collaterally to revise its own decision. The commissioner, it seems to me, must abide by the decision of his predecessor as to the grant to Munroe, while that grant is unreversed by any competent court; and assuming this as a postulate, any substantial improvement on Munroe's invention is now patentable.

Is there any improvement on Munroe's brake, by the applicant Larowe? This is not denied by the office, and I think is easily maintained. The Munroe brake does not show the spring arm used by Larowe; it does not show the rigid ends of the undivided brake bar, extended out in front of the peripheries of the wheels, for sustaining the shoes. It does not show the rubber or shoe, so combined with the brake bar, that the hinge by which it is attached to the brake bar, is relieved of all or nearly all strain when the brake is in action. The Munroe brake does show such a combination of parts that the hinge uniting the divided portions of the brake bar has to bear all of the strain, due both to pressing the rubber or shoe against the wheel and also in sustaining it in line with the brake bar, when it requires a cumbrous hinge and four bolts to form the connection between the divided brake bar and the rubber, whereas in Larowe's the shoe and unbroken or undivided brake are united at the end of the spring arm to the brake by a single bolt, and present a firm and solid resistance when applied to the wheels of a vehicle going down hill. The Larowe brake avoids the evil of mud and dirt collecting in the opening in Munroe's divided brake bar when the shoe rises in backing; such mud and dirt in the opening obstructing the return of the shoe to its proper position when the backing of the carriage ceases.

Although the elements constituting the combination in Larowe's claim may not be new in principle, the combination and arrangement of parts have not been anticipated in the references given, and produce useful and valuable results, not before attained, as is testified by the affidavits of the practical men filed in this case; and to this extent, Larowe is an original and first in-

ventor. I refer, on this subject, to Prouty v. Ruggles, 16 Pet. [41 U. S.] 336; Gods. & B. Pat. 63; Many v. Sizer [Case No. 9,056], in the district court, Mass., Jan. 1849; referred to in Commissioner Holt's decision in Phelan's Case [unreported], to which I might refer others if necessary; and the decisions of the office since the rejection of Larowe's claim. My attention has been called specially to the decision in No. 2,215, which pushes the doctrine further than is required to maintain Larowe's claim. Larowe's merit has its foundation in the useful results produced, not before attained. I think all the reasons of appeal are sustained, and I reverse the judgment of the commissioner, and adjudge that a patent be issued to Alburtus Larowe in the improvement in self-acting carriage brakes claimed by him.